WILLARD M. WHITNEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAE A. KELLEY MURPHY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN P. KELLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37927, 38222, 38233. Promulgated June 2, 1932.

*Willard M. Whitney* pro se, and *Mae A. Kelley Murphy* pro se. *James R. Johnston, Esq.,* for the respondent.

214

OPINION.

SMITH: The respondent being unable to collect the taxes due from the Whitney Coal Mining Company for 1918 and 1919 in the amounts of $4,114.15 and $1,314.07, respectively, seeks in these proceedings to establish the petitioners' liability for them as transferees of the assets of the corporation. The respondent has the burden of proving the liability of the petitioners. Sec. 912, Revenue Act of 1928; *G. G. Small*, 16 B. T. A. 658; *Annie Temoyan et al.*, 16 B. T. A. 923; *Phil Gleichman*, 17 B. T. A. 147; *Angier Corporation*, 17 B. T. A. 1376; *G. C. Barkley et al.*, 19 B. T. A. 855; *Kinnett-Odom Co.*, 19 B. T. A. 1124; *Lillian Burke*, 21 B. T. A. 45.

The first point made by the respondent is that the petitioners, directors of the corporation, are liable for the taxes of the corporation under sections 5786 and 6054 of the Statutes of the Commonwealth of Pennsylvania in force in 1920, which provide as follows:

SEC. 5786. *Declaration of dividends.*—All corporations heretofore or hereafter incorporated under any special or general law of this commonwealth may, at any time or times, declare dividends of so much of their net profits as shall appear advisable to the directors; such dividends to be paid to the stockholders or their legal representatives at such time after their declaration as the directors may fix; but such dividends shall in no case exceed the amount of the net profits actually acquired by the company, so that the capital stock shall never be impaired thereby. (1913, May 23; P. L. 336, § 1.)

Sec. 6054. *Individual liability of directors.*—If the directors of any company declare any dividend when the company is insolvent, or the payment of which would render it insolvent, they shall be jointly and severally liable for all the debts of the company then existing, and for all thereafter contracted, so long as they respectively continue in office; *Provided,* That the amount for which they shall be liable shall not exceed the amount of such dividend; and if any of the directors are absent at the time of making the dividend, or object thereto at said time, and file their objections in writing with the clerk of the company, they shall all be exempted from such liability. (1863, July 18; P. L. [1864] 1102, § 24.)

The respondent points out that the surplus of the corporation at December 31, 1920, was $57,065.88 and that on January 31, 1921, this surplus was credited on the books of the company in equal shares to the drawing accounts of the petitioners, to be paid to them when the corporation was in funds to make the payments. The contention is that this credit on the books of the corporation was tantamount to the declaration of a dividend by the corporation and that inasmuch as the balance sheet at December 31, 1920, does not show the corporation's liability for taxes for 1918 and 1919 in the aggregate of $5,428.22, the credit upon the books of the corporation rendered the corporation insolvent and therefore make the petitioners, as directors, liable for the taxes.

In our opinion the respondent is in error in his contention that the credits upon the books of the corporation under the circumstances here stated were tantamount to the declaration of a dividend. The corporation filed a personal service corporation return for 1919 under section 218 (e) of the Revenue Act of 1918. The credits were made upon the assumption by the officers of the corporation that it was a personal service corporation and that they as the stockholders were liable to income tax on their individual returns for their pro rata shares of the profits. The credit was made subsequent to that supposition and not for the purpose of creating a liability of the corporation to the petitioners. In any event, the corporation was not in funds with which to pay the petitioners the credits made and was never able to make such payments. The amounts were not distributed to the petitioners.

Section 280 (a) (1) of the Revenue Act of 1926 provides for the collection of the tax of the transferor from " a transferee of property of a taxpayer " in certain circumstances. The section is not, however, authority for proceeding against persons, either individual or corporate, who may be liable for the tax where in point of fact they are not transferees of property. Thus, a corporation or an individual may at law be liable for the tax due from a taxpayer by reason of having guaranteed the payment of a tax. In *Leetonia Furnace Co.,* 23 B. T. A. 979, 987, the Board defined a transferee as " one who takes the property of another without full, fair and ade-

quate consideration therefor, to the prejudice of the rights of creditors." Before the respondent may proceed under section 280 a person must be a transferee of property from the taxpayer in circumstances which make him liable at law or in equity for the tax. It follows that if a person claimed to be a transferee has not received property from the transferor no liability for the tax attaches to him. *Grand Rapids National Bank*, 15 B. T. A. 1166; *Phillips* v. *Commissioner*, 283 U. S. 589; *J. A. Steinle, Administrator, et al.*, 19 B. T. A. 325. In the last mentioned case an attempt was made to hold certain stockholders liable for the tax of the transferor under section 280. The stockholders, in subscribing for the stock of the taxpayer corporation, had given their notes, which were thereupon used by the corporation as collateral in borrowing money to be used in operating the company. The loans were paid by the corporation in due course, but the notes were never paid. The Commissioner contended that these notes represented assets of the corporation, which were, in effect, distributed to the stockholders by cancellation without collection. We held, however, that the notes were liabilities of the stockholders to the corporation, enforceable against the stockholders by the corporation or by its creditors, but that such liabilities were not such as to make the petitioners transferees of the assets of the taxpayer.

In the proceedings at bar there is no evidence that assets of the corporation were distributed to the petitioners by virtue of the credits made to their accounts upon the transferor's books of account on January 31, 1921. We are therefore of the opinion that no liability attached to the petitioners by virtue of such credits.

We have further to consider the question of the liability of the petitioners for the taxes due from the corporation for 1918 and 1919, upon the ground that after 1920 the petitioners were distributees of the assets of the corporation under conditions which made them liable for the taxes as transferees under section 280 of the Revenue Act of 1926.

For some years subsequent to 1920, the corporation did a large volume of business. It proved unable, however, to collect many of its accounts receivable. Legal proceedings were resorted to in some cases, but without success. The corporation continued to pay cash salaries to its president at the rate of $3,600 per year, and to its secretary and treasurer at the rate of $1,920 per year, but had no funds with which to pay the full salaries credited to the drawing accounts upon its books or the earnings which had been credited to such accounts for the years 1918, 1919, and 1920. The payment of the ordinary salaries was in no wise such a distribution of the assets of the corporation as would render the petitioners liable

for the taxes of the corporation. The amounts were paid for services actually rendered. The petitioners claim that any amounts which were distributed to them subsequent to 1920 were on account of salaries. The burden of proof to show the contrary is placed by the statute upon the respondent. Section 602 of the Revenue Act of 1928. In *Annie Temoyan*, 16 B. T. A. 923, we said:

> It is evident that the statute places a real burden on the Commissioner. He must establish the liability of the transferee against whom he proposes to proceed. He must establish all facts necessary to show that there is a liability at law or in equity on the part of that transferee for the payment of the whole or a part of the liability. This burden is not met by such an indifferent showing of the facts as we have here.

See *Guy W. Renyx*, 21 B. T. A. 1248, 1252.

It is true that subsequent to 1920 there were certain small distributions made to the petitioners by the Whitney Coal Mining Company. But there is no evidence as to whether the salaries accrued to the petitioners upon the company's books of account were unreasonable in amount or that the amounts distributed, were not, as claimed by the petitioners, payments for salary, or for that matter in payment of other liabilities of the company to the petitioners. There is no evidence that any amounts were distributed by the company to the petitioners in liquidation of the corporation. We therefore hold, as in *Guy W. Renyx, supra*, that the Commissioner has not discharged the burden of proof placed upon him by section 602 of the Revenue Act of 1928.

Reviewed by the Board.

*Judgments of no liability will be entered for the petitioners.*